UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13-cv-000138-TBR

JOYCE LOVELACE, individually and as　　　　　　　　　　　　　　　　　Plaintiff
Executrix of the Estate of Eddie C. Lovelace

v.

STONEBRIDGE LIFE INSURANCE　　　　　　　　　　　　　　　　　　　　Defendant
COMPANY f/k/a J C PENNY LIFE
INSURANCE COMPANY

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Joyce Lovelace's Motion to Remand. (Docket No. 6.) Defendant Stonebridge Life Insurance Company ("Stonebridge") has responded. (Docket No. 7.) Plaintiff has replied. (Docket No. 8.) This matter is now fully briefed and ripe for adjudication. Plaintiff has indicated her willingness to file a binding stipulation in her Reply brief. Such stipulation may be **FILED** within 14 days of this Order and the Court will consider it at that time.

BACKGROUND

Plaintiff has made a claim for benefits under an insurance policy and alleges violations of the Kentucky Unfair Claims Settlement Practices Act. Plaintiff asserts that the policy only provides for $25,000 in coverage. Plaintiffs alleging a violation of the Kentucky Unfair Claims Settlement Practices Act may seek recovery for damages, including but not limited to, emotional distress damages, attorney fees, and punitive

damages. Plaintiff seeks damages for attorney fee and costs, extreme emotional distress, embarrassment/humiliation, interest/loss of income from the funds, and punitive damages. (Docket No. 1-1, Complaint, Page 2.) However, Plaintiff's complaint specifically assets her "damages do not exceed $75,000 exclusive of interest and costs." (Docket No. 6, Plaintiff's Motion to Remand, Page 2.) Because of this assertion, Plaintiff contends that removal was inappropriate and remand is required. The Defendant argues that removal was appropriate because, despite Plaintiff's *ad damnum* clause, the amount in controversy plainly exceeds $75,000 because the Plaintiff has asserted violations of the Unfair Claims Settlement Practices Act.

DISCUSSION

Amount in Controversy

Certainly, the Defendant seeking removal bears the burden of proving, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). This standard, however, "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Id.* (quoting *Gafford*, 997 F.2d at 158). In determining whether a defendant has met its burden, the Court must look to the damages alleged at the time of removal. *Id.* at 573. Furthermore, the Sixth Circuit has expressly instructed: "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered."

*Id.* at 572 (alteration in original) (quoting *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

Thus, the principal issue before the Court is whether the amount in controversy exceeds $75,000. The Court has addressed this issue in a varied number of factual circumstances on multiple occasions. *See, e.g.*, *Winburn v. Metro. Direct Prop. & Cas. Ins. Co.*, 2007 WL 891865 (W.D. Ky. March 20, 2007); *Shofner v. Mid-America Harborside Healthcare*, 2007 WL 433118 (W.D. Ky. Feb. 5, 2007); *Sparks v. Wal-Mart Stores, Inc.*, 2007 WL 101850 (W.D. Ky. Jan. 10, 2007). Despite the Court's familiarity with the issue, Congress recently amended the procedure for removing certain civil actions. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103(b), 125 Stat 760, 762 (amending 28 U.S.C. § 1446). Of specific importance to the present case is the addition of 28 U.S.C. § 1446(c)(2).

As amended, § 1446 permits a defendant to assert the amount in controversy in its notice of removal if removing from a jurisdiction where "State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." § 1446(c)(2)(A)(ii). Removal from such a jurisdiction is proper upon the defendant's assertion of the amount in controversy "if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in [28 U.S.C. § 1332(a)]." *Id.* § 1446(c)(2)(B). These recently enacted congressional amendments are applicable in the present case because Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings. *See* Ky. R. Civ. P. 8.01(2), 54.03(2). Therefore, the issue remains

whether Defendant has shown that it is more likely than not that the amount in controversy exceeds $75,000.

Considering that Plaintiffs seek punitive damages, it becomes clear that the amount in controversy exceeds $75,000.[1] The Supreme Court has embraced a punitive-to-compensatory damages ratio near 4:1. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-26 (2003). Even reducing to a 2:1 ratio would result in Plaintiff being awarded $50,000 in punitive damages, which would be bring the total damages to $75,000 ($25,000 compensatory and $50,000 punitive). This isn't even taking into account Plaintiff's additional claims for attorney fee and costs, extreme emotional distress, embarrassment/humiliation, and interest/loss of income from the funds.

<u>Binding Stipulation Offer in Plaintiff's Reply Brief</u>

In Plaintiff's reply brief, however, Plaintiff has offered "to sign a binding stipulation that she will neither seek nor accept damages [including compensatory damages, punitive damage, and attorney fees] in excess of $75,000, exclusive of interest of interest and costs." (Docket No. 8, Page 2.) This Court recently noted that postremoval stipulations reducing the amount in controversy below the jurisdictional threshold "are generally disfavored because '[i]f the plaintiff were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable.'" *Proctor v. Swifty Oil Co.*, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012) (quoting *Rogers v.*

---

[1] The Court notes neither party has argued punitive damages should not be considered in the amount in controversy determination because it is a legal certainty that they cannot be recovered. Therefore, the Court will appropriately consider punitive damages in deciding whether the amount in controversy is met.

*Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000)). Thus, as the Sixth Circuit advises, "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers*, 230 F.3d at 872.

However, where a state prevents a plaintiff from pleading a specific amount of damages—as is the case in Kentucky—and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district views such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such. *See, e.g.*, *Proctor*, 2012 WL 4593409, at *3. Accordingly, this Court has recognized that a plaintiff may stipulate that it neither seeks, nor will accept, damages in an amount greater than $75,000, and that such a stipulation will destroy the amount-in-controversy requirement for § 1332 jurisdiction. *See, e.g.*, *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781-82 (W.D. Ky. 2013) ("The Court will uphold the stipulation where it is an 'unequivocal statement . . . limiting damages.'"). Still, "only where that clarifying stipulation is unequivocal will it limit the amount of recoverable damages and warrant remand." *Proctor*, 2012 WL 4593409, at *3 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)).

If Plaintiff filed a binding stipulation that she will neither seek nor accept damages in excess of $75,000 for all compensatory damages, punitive damages, and attorney fees, exclusive of interest and costs, the Court is prepared to consider that stipulation. In preparing such a stipulation, the Court reminds Plaintiff to be mindful of precedent establishing what is required for a stipulation to be "unequivocal."[2] *See, e.g.*,

---

[2] The Court notes that for a stipulation to be unequivocal a plain reading must leave Plaintiff little room to escape the bounds of its stipulated restrictions. Although Plaintiff's actual damages may be proven in an amount exceeding $75,000, the Kentucky state court will be forced to rely on this stipulation to prevent the

*Spence v. Centerplate*, 931 F. Supp. 2d 779, 781-82 (W.D. Ky. 2013); *Agri-Power, Inc. v. Majestic JC, LLC*, 5:13-CV-00046-TBR, 2013 WL 3280244 (W.D. Ky. June 27, 2013).

CONCLUSION

Plaintiff has indicated her willingness to file a binding stipulation in her Reply brief. Such stipulation may be **FILED** within 14 days of this Order and the Court will consider it at that time.

IT IS SO ORDERED.

Date:

cc:     Counsel

---

award of damages from exceeding the stipulated maximum amount. As the U.S. Supreme Court recently held, stipulations such as that are "binding and conclusive . . . and the facts stated are not subject to subsequent variation." *Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez*, 130 S.Ct. 2971, 2983 (2010) (quoting 83 C.J.S., *Stipulations* § 93 (2000)). Thus, "[s]tipulations must be binding" because they amount to an "express waiver made . . . by the party or his attorney conceding for purposes of the trial the truth of some alleged fact." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) (quoting 9 J. Wigmore, *Evidence* § 2588, 821 (J. Chadbourn rev. 1981)).