UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13-cv-000138-TBR

JOYCE LOVELACE, individually and as　　　　　　　　　　　　　　　　　　　　Plaintiff
Executrix of the Estate of Eddie C. Lovelace

v.

STONEBRIDGE LIFE INSURANCE　　　　　　　　　　　　　　　　　　　　　　　Defendant
COMPANY f/k/a J C PENNY LIFE
INSURANCE COMPANY

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Joyce Lovelace's filing of a binding stipulation, (Docket No. 10), in support of her motion to remand. (Docket No. 6.) For the following reasons, the Court will **GRANT** Plaintiff's motion to remand. (Docket No. 6.) It is hereby ordered that the above-styled case be **REMANDED** to Clinton Circuit Court

BACKGROUND

Plaintiff has made a claim for benefits under an insurance policy and alleges violations of the Kentucky Unfair Claims Settlement Practices Act. Plaintiff asserts that the policy only provides for $25,000 in coverage. Plaintiffs alleging a violation of the Kentucky Unfair Claims Settlement Practices Act may seek recovery for damages, including but not limited to, emotional distress damages, attorney fees, and punitive damages. Plaintiff seeks damages for attorney's fees and costs, extreme emotional

distress, embarrassment/humiliation, interest/loss of income from the funds, and punitive damages. (Docket No. 1-1, Complaint, Page 2.) However, Plaintiff's complaint specifically assets her "damages do not exceed $75,000 exclusive of interest and costs." (Docket No. 6, Plaintiff's Motion to Remand, Page 2.) Because of this assertion, Plaintiff previously contended that removal was inappropriate and remand is required. Defendant argued removal was inappropriate because, despite Plaintiff's *ad damnum clause*, the amount in controversy plainly exceeded $75,000 because the Plaintiff asserted violations of the Unfair Claims Settlement Practices Act. The Court agreed, (Docket No. 9), but responded to Plaintiff's offer to sign a binding stipulation in her reply brief:[1]

> If Plaintiff filed a binding stipulation that she will neither seek nor accept damages in excess of $75,000 for all compensatory damages, punitive damages, and attorney fees, exclusive of interest and costs, the Court is prepared to consider that stipulation. In preparing such a stipulation, the Court reminds Plaintiff to be mindful of precedent establishing what is required for a stipulation to be "unequivocal."[2] *See, e.g.*, *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781-82 (W.D. Ky. 2013); *Agri-Power, Inc. v. Majestic JC, LLC*, 5:13-CV-00046-TBR, 2013 WL 3280244 (W.D. Ky. June 27, 2013).

(Docket No. 9, Page 5-6.) Subsequently, Plaintiff filed a binding stipulation stating:

---

[1] Docket No. 8, Page 2.

[2] The Court notes that for a stipulation to be unequivocal a plain reading must leave Plaintiff little room to escape the bounds of its stipulated restrictions. Although Plaintiff's actual damages may be proven in an amount exceeding $75,000, the Kentucky state court will be forced to rely on this stipulation to prevent the award of damages from exceeding the stipulated maximum amount. As the U.S. Supreme Court recently held, stipulations such as that are "binding and conclusive . . . and the facts stated are not subject to subsequent variation." *Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez*, 130 S.Ct. 2971, 2983 (2010) (quoting 83 C.J.S., *Stipulations* § 93 (2000)). Thus, "[s]tipulations must be binding" because they amount to an "express waiver made . . . by the party or his attorney conceding for purposes of the trial the truth of some alleged fact." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) (quoting 9 J. Wigmore, *Evidence* § 2588, 821 (J. Chadbourn rev. 1981)).

> The Plaintiff hereby stipulates and certifies to the court that she will neither seek nor accept damages in this action in excess of $75,000 for all compensatory damages, punitive damages, attorneys fees, exclusive of interest and costs.
> This stipulation is intended by the Plaintiff to be binding and unequivocal.

(Docket No. 10, Page 1.)

DISCUSSION

This section incorporates the Court's prior analysis and holdings from its Memorandum Opinion and Order at Docket No. 9. This Court has recognized that a plaintiff may stipulate that it neither seeks, nor will accept, damages in an amount greater than $75,000, and that such a stipulation will destroy the amount-in-controversy requirement for § 1332 jurisdiction.[3] *See, e.g., Spence v. Centerplate*, 931 F. Supp. 2d 779, 781-82 (W.D. Ky. 2013) ("The Court will uphold the stipulation where it is an 'unequivocal statement . . . limiting damages.'"). Still, "only where that clarifying stipulation is unequivocal will it limit the amount of recoverable damages and warrant remand." *Proctor v. Swifty Oil Co*, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012) (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)).

The Court finds that Plaintiff's stipulation is binding and unequivocal. It resembles the stipulations in *Proctor* and *Van Etten v. Boston Scientific Corp.*, 2009 WL 3485909 (W.D. Ky. Oct. 23, 2009), where the Court found the stipulations binding and unequivocal. Accordingly, the Court will **GRANT** Plaintiff's motion to remand.

---

[3] Where a state prevents a plaintiff from pleading a specific amount of damages—as is the case in Kentucky—and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district views such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such. *See, e.g., Proctor v. Swifty Oil Co*, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012).

CONCLUSION

It is hereby ordered that the above-styled case be **REMANDED** to Clinton Circuit Court on the basis that the Court lacks subject matter jurisdiction over the claims raised therein. The case does not present a federal question. It also does not fall within the diversity jurisdiction requirements of 28 U.S.C. § 1332 as a result of Plaintiff's binding and unequivocal stipulation filed at Docket No. 10 stating Plaintiff "will neither seek nor accept damages in this action in excess of $75,000 for all compensatory damages, punitive damages, attorneys fees, exclusive of interest and costs."

IT IS SO ORDERED.

Date:

cc:    Counsel